FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MAR 23 AM 11:55

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) **1:07-cv-0382-SEB-TAB** |
| v. | ) CIVIL ACTION NO. ) |
| HOLLYWOOD ENTERTAINMENT CORPORATION | ) COMPLAINT ) ) JURY TRIAL DEMAND |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Joshua Hyman who was adversely affected by such practices. As alleged with greater particularity in paragraph 8 below, the Commission alleges that Respondent refused to hire Joshua Hyman (who has muscular dystrophy) as a Guest Service Representative at its Kokomo Indiana Game Crazy store because of his disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C.

§ 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, Hollywood Entertainment Corporation ("Hollywood") has continuously been an Oregon Corporation doing business in the State of Indiana and the City of Kokomo, and has continuously had at least 15 employees.

5.      At all relevant times, Hollywood has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Hollywood has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Joshua Hyman filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Hollywood.

All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since approximately April 2005, Defendant has engaged in unlawful employment practices at its Kokomo Indiana Game Crazy facility, in violation of Section 102 (a) of Title I of the ADA, 42 U.S.C.§ 12112(a). These practices include Defendant's refusal to hire Joshua Hyman as a Guest Services Representative.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Joshua Hyman of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

10. The unlawful employment practices complained of in paragraph 8 above were and are intentional.

11. The unlawful employment practices complained of in paragraph 8 above were and are being done with malice or with reckless indifference to the federally protected rights of Joshua Hyman.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Joshua Hyman by providing appropriate backpay

with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to instatement as a Guest Services Representative.

    D.    Order Defendant to make whole Joshua Hyman by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    E.    Order Defendant to pay Joshua Hyman punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

    F.    Grant such further relief as the Court deems necessary and proper in the public interest.

    G.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington D.C. 20507

LAURIE A. YOUNG, #11480-49
Regional Attorney

_____
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney


_____
NANCY DEAN EDMONDS
Senior Trial Attorney


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN 46204-4203
Phone: (317) 226-7229
Fax: (317) 226-5571
E-mail: Nancy.Edmonds@eeoc.gov